# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUNSEE DELAWARE INDIAN NATION and WILLIAM LITTLE SOLDIER,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. LEE FLEMMING, Director, Office of Federal Acknowledgment, Bureau of Indian Affairs, Department of the Interior, *et al.*,<br><br>*Defendants*. | Civil Action No. 16-2388 (RDM) |

## MEMORANDUM OPINION

On December 7, 2016, this Court ordered Plaintiffs to show cause on or before January 9, 2017, why their action should not be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Dkt. 16 at 3. The Court noted that to avoid dismissal, Plaintiffs were required to serve Defendants in accordance with Rules 4(a), 4(c), and 4(i) within ninety days of filing the complaint. *See id.*; *see also* Fed. R. Civ. P. 4(m). Ninety days elapsed on December 15, 2016. *Id.* On Plaintiffs' motion for additional time, the Court extended the deadline to respond to this initial show cause order to February 23, 2017. *See* Minute Order (January 18, 2017).

Plaintiffs replied on January 23, 2017, but failed to address the defects in service that had previously been identified by this Court. *See* Dkt. 18. Plaintiff William Little Soldier did file a document stating that he had sent a "copy of the . . . COMPLAINT" by "Federal Express Registered Delivery" to the Director of the Bureau of Indian Affairs and the Director of the Bureau of Indian Affair's Office of Acknowledgement. Dkt. 18 at 11. In a second show cause

order on May 17, 2017, however, the Court explained that Plaintiffs' attempt at service was not "in conformity with Rules 4(a), 4(c), or 4(i), as the Court's prior order required." Dkt. 19 at 1. Because deficiencies in service remained, the Court ordered the Plaintiffs to show cause on or before June 16, 2017, "why this action should not be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m)." *Id*. at 2. Furthermore, Plaintiffs were to "demonstrate whether 'good cause' exist[ed] for their failure timely to effect service, and whether equitable factors support[ed] granting them an extension of time to do so." *Id*.

Plaintiffs suggest that they have satisfied the requirements of Rule 4(c)(2), arguing that use of Federal Express constitutes service by a non-party, and that they have satisfied the requirements of Rule 4(i), arguing that Federal Express constitutes a private "mail" service. *See* Dkt. 21. But, even if Plaintiffs were correct about both of these contentions, *cf. Ilaw v. Dep't of Justice*, 309 F.R.D. 101, 105 (D.D.C. 2015) (describing as an open question circumstances in which use of Federal Express can constitute proper service), it remains clear that they have failed to effect service in the prescribed manner. As Rule 4(i) provides, a plaintiff seeking to sue an agency of the United States must serve a designated recipient within the office of the "United States attorney for the district where the action is brought," "the Attorney General of the United States at Washington, D.C.," and the agency named in the suit. Fed. R. Civ. P. 4(i); *see also Koerner v. United States,* 246 F.R.D. 45, 48 (D.D.C. 2007). Here, Plaintiffs have only attempted to serve the Director of the Bureau of Indian Affairs and the Director of the Office of Acknowledgment. Dkt. 18 at 11. They have not attempted to serve the U.S. Attorney, the Attorney General, or the Department of the Interior.

Plaintiffs have also failed to identify "good cause" for the failure to effect service in compliance with Rule 4(i), because "[g]ood cause exists when some outside factor[,] *rather than*

2

*inadvertence or negligence*, prevented service." *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (emphasis added) (alteration, citation, and internal quotation marks omitted). Without proof of good cause, the Court may consider equitable factors and either dismiss the case or extend the time for effecting service. *See id.* at 375−76. "[D]ismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect, and dismissal leaves the plaintiff in the same position as if the action had never been filed." *Id.* at 376 (citations and internal quotation marks omitted).

Service is now nearly a year overdue. The Court has extended Plaintiffs' deadline by which to effect service three times. The continued failure to comply with the requirements of Rule 4(i) can be attributed solely to the "inadvertence, oversight, or neglect" of the Plaintiffs. *See* Fed. R. Civ. P. 4(m). Such a dismissal "leaves the [Plaintiffs] in the same position as if the action had never been filed." *Id.*

The Court will, accordingly, **DISMISS** this action without prejudice. A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: November 9, 2017